UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VINGAL CARTER,

                Plaintiff,

v.

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; JOHN DOE OFFICER, TAX # 971967; and THE BROOKLYN DISTRICT ATTORNEY'S OFFICE,

                Defendants.

**MEMORANDUM AND ORDER**
22-CV-03448 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

    Vingal Carter ("Plaintiff"), proceeding pro se, brings this action against the City of New York (the "City"), the New York City Police Department ("NYPD"), the Brooklyn District Attorney's Office and a John Doe police officer, Tax #971967 (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging false arrest. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, Plaintiff's claim for false arrest against the City of New York, the New York City Police Department and the Brooklyn District Attorney's Office is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND[1]

    On February 4, 2022, Defendant John Doe officer, forcibly entered Plaintiff's home and accused Plaintiff of possessing a firearm. (Compl. ECF No. 1, at 5.) Plaintiff was arrested and

---

[1] The following facts taken from the complaint (ECF No. 1) are assumed to be true for the purpose of this memorandum and order.

1

brought to the 67th Police Precinct. (*Id.*) There, Plaintiff was forced, under "threat, duress and coercion", to sign a form giving consent to officers to conduct an unlawful search of his home. (*Id.*) Officers searched Plaintiff's home but did not find a firearm. (*Id.*) Plaintiff was nonetheless charged with possessing a firearm. (*Id.*)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of it, that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Of course, in reviewing the sufficiency of an IFP complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases has its limits. *Id.* at 475 (citation omitted). To state a claim, a pro se complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's

2

liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

At the outset, Plaintiff's § 1983 claim against the NYPD must be dismissed because it is a "non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. Therefore, Plaintiff's § 1983 claim against the NYPD, which is an agency of the City, is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Antonetti v. City of New York*, No. 20-CV-5109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022) (dismissing claims against the NYPD because it "cannot sue or be sued"); *Salaam v. City of New York*, No. 21-CV-3172, 2021 WL 3472660, at *1 (E.D.N.Y. Aug. 6, 2021) (same).

To the extent that Plaintiff alleges § 1983 claim against the Brooklyn District Attorney's Office, also known as Kings County District Attorney's Office, this claim is dismissed because a district attorney's office is not a suable entity. *See Cass v. U.S. Dist. Ct., E. Dist. of New York*, No. 20-CV-6071, 2021 WL 1124540, at *5 (E.D.N.Y. Mar. 24, 2021) (dismissing claims against the Kings County District Attorney because that office "is not a suable entity"); *see also Barreto*

*v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (summary order) (holding that a county district attorney's office is "not an entity capable of being sued").[2]

That said, Plaintiff's § 1983 claim against the City of New York must be dismissed for a different reason. To hold a municipality liable under § 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Wong v. City of New York,* No. 19-CV-6900, 2021 WL 768136, at *5 (E.D.N.Y. Feb. 26, 2021). Critically, a municipality, like the City, cannot be held vicariously liable for the constitutional torts of its employees or agents. *Id.* at 297–98.

Here, Plaintiff fails to allege any facts that support an inference that an official policy or custom of the City caused a violation of any federally protected right. Instead, Plaintiff seeks to hold the City liable for his false arrest at the hands of the City's employees, which he cannot do. Accordingly, Plaintiff's § 1983 claim against the City is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 181305, at *8 (E.D.N.Y. Jan. 10, 2019) (dismissing complaint for failure to plead facts supporting claim that plaintiff's injury was the result of the City's policy or custom).

Finally, alleges that the individual police officer falsely arrested him. (Compl. at 5.) Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute,

---

[2] To the extent Plaintiff seeks to name the Kings County District Attorney or the Assistant District Attorneys who prosecuted his criminal action, these attorneys would nonetheless be entitled to absolute immunity for their acts in initiating a prosecution and presenting a case against Plaintiff. *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005); *Cass*, 2021 WL 1124540, at *5 (dismissing claims against an assistant district attorney and the former Kings County District Attorney because such prosecutors are "entitled absolute immunity.")

ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Thus, to state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Although the allegations concerning false arrest as to the individual police officer are relatively bare, Plaintiff's false arrest claim against Defendant John Doe officer, Tax #971967, may proceed. (Compl. at 5; *see Diggs v. Doe*, 2021 WL 3516383, at *2 (E.D.N.Y. Aug. 10, 2021) (permitting IFP plaintiff's Section 1983 false arrest claim against John Doe defendant to proceed based upon allegation that "he was 'falsely arrested'").)

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Section 1983 claim for false arrest against the City, the NYPD and the Brooklyn District Attorney's Office is dismissed for failure to state a claim upon which relief may be granted.

In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court hereby directs the Corporation Counsel of the City, no later than 45 days from the date of this memorandum and order, to ascertain the full name of the NYPD police officer who is alleged to have been involved in the arrest of Plaintiff and his subsequent detention at the 67th Police Precinct in Brooklyn, New York. The Corporation Counsel shall provide the full name of the police officer and the address at which he or she can be served. Once the names are ascertained, Plaintiff's complaint shall be deemed amended to reflect the full names of these individuals, summons shall issue, and the Court shall direct service. A copy of this memorandum and order, and the complaint, shall be mailed to the Corporation Counsel, Special Federal Litigation Division. The action is referred to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                              SO ORDERED.

Dated: Brooklyn, New York                /s/ LDH
       March 1, 2023                          LASHANN DEARCY HALL
                                            United States District Judge